R. R. JOHNSON, *d.b.a.* R. R. JOHNSON COMPANY, v.
ACME REGISTER COMPANY AND ANOTHER.
SYSTEM FORMS, INCORPORATED, APPELLANT.[1]

June 20, 1952.

No. 35,646.

*Vennum, Neville, Wright & Newhall,* for appellant.
*Donald M. Wakefield,* for respondent.

KNUTSON, JUSTICE.

Appeal from a judgment entered pursuant to findings of fact, conclusions of law, and order for judgment in favor of plaintiff and against defendant System Forms, Incorporated.

Plaintiff is engaged in the business of repairing, servicing, and reconditioning printing presses and machinery. Acme Register Company, referred to hereinafter as Acme, on June 30, 1947, was engaged in a printing business. It owned a Bickford press which

[1]Reported in 54 N. W. (2d) 37.

had become somewhat obsolete and was little used. One of its employes conceived the idea of equipping the press so that it could handle two-color printing. In order so to use the machine, it was necessary to recondition it. To achieve this purpose, the press was delivered to plaintiff on June 30, 1947. Plaintiff agreed to recondition the machine and build the necessary attachment to handle two-color printing as a fill-in job between regular jobs at reduced rates. Harry E. Rost, who was an officer and the manager of Acme, made the arrangements with plaintiff for the work.

On October 1, 1947, System Forms, Incorporated, referred to hereinafter as System, purchased the business and equipment of Acme, including the Bickford press here involved. Rost thereupon became the general manager of System, serving in the same capacity as he formerly had for Acme. He also continued to be an officer of Acme. It appears from the record that at the same time, or at least during part of that time, he also did some bookkeeping for plaintiff, the actual date of such employment not appearing. At the time of the sale of the business to System, plaintiff had completed the first stage of the work; that is, the work of reconditioning the machine so that it would be suitable for two-color printing. Rost then went to plaintiff and advised him that the business had been sold to System and that System should be billed for the balance of the work. The charge for the work which had been done prior to the sale to System amounted to $250. Plaintiff accordingly billed Acme for that amount and received payment.

The work was completed on April 28, 1948, and the press returned to System. The work done after System took over amounted to $1,630.99. An officer and an employe of System then requested that plaintiff bill Acme for this amount. Plaintiff refused to do so. After conferring with Fred Parker, an officer of System, plaintiff agreed that he would bill Acme on the assurance of Parker that he would guarantee the bill. Accordingly, bills were sent to both Acme and System. The bill was not paid. Acme and System each contend that the other is liable for the work done after the sale to System.

After a trial to the court without a jury, the court dismissed the action against Acme and made findings and order for judgment against System. Judgment was entered, and this appeal followed.

The only assignments of error on this appeal are:

"1. The Court erred in finding that the defendant System Forms, Incorporated, ordered the plaintiff to proceed with the installment of said attachment on said Bickford press and that the labor and services of the plaintiff were performed for the defendant, System Forms, Incorporated.

"2. The Court erred in the conclusion of law (1) in ordering judgment for the plaintiff against the defendant-appellant."

As near as we can determine from its brief, System's contention is embodied in the last paragraph of its argument, the whole of which is contained in less than one printed page of the brief. System there contends:

"The authority of Rost to bind System in directing the transfer of the account which normally would be inherent as manager, was not to be relied upon by plaintiff in this instance because of his known triple capacity as officer of Acme, manager of System and bookkeeper of plaintiff."

We can see no merit in this contention. Nowhere does System question Rost's authority to act for Acme or for System, except as stated above. It is obvious that he had the same authority to bind System as he originally had to bind Acme. Whatever the rights may be between Acme and System, it is clear that System assumed the obligation of paying plaintiff for the balance of the work after it took over. Plaintiff was entitled to proceed on the basis of the instructions given to him by System's manager.

Affirmed.